IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM F. CARADINE, II                                                                              PLAINTIFF

               v.                              Civil No. 10-2085

SGT. TAULBEE, Sebastian
County Adult Detention Center;
DEPUTY WAGNER; DEPUTY
STAMPS; and DR. TIM TINSMAN                                                                  DEFENDANTS

## **ORDER**

     Before the court are the following motions filed by the plaintiff: (1) a motion for appointment of counsel (Doc. 15); (2) a motion to amend the complaint (Doc. 16); (3) a second motion for appointment of counsel (Doc. 17); (4) a request for jury trial contained in the second motion for appointment of counsel (Doc. 17); and (5) a second motion to amend the complaint (Doc. 18).

     ***Motions for Appointment of Counsel* (Doc. 15 & Doc. 17)**

     This civil rights action was filed *in forma pauperis* (IFP). Plaintiff has filed two motions for appointment of counsel (Doc. 15 & Doc. 17).

     In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

     "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are

not frivolous . . . counsel should be appointed if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In his first motion (Doc. 15), plaintiff states he should be appointed counsel to because: he has been unable to obtain counsel independently; his knowledge of the law is very limited; and the issues involved are complex. Without appointed counsel, plaintiff maintains he will not be able to meaningfully pursue his claims.

In his second motion (Doc. 17), plaintiff states that this case is potentially very profitable and he is being mistreated. He asks for appointment of special counsel to protect his rights.

After review of the complaint, it does not appear that either the facts or the claims are so complex that plaintiff will be unable to adequately present his claims. Additionally, plaintiff's claims for damages are straightforward.

Thus far, plaintiff has been able to adequately set forth his claims. Plaintiff has filed supplements to his complaint and various motions. The documents filed by plaintiff have been easily understood by the court. From what is currently before the court, it appears the plaintiff

AO72A
(Rev. 8/82)

will be able to adequately investigate and present his case. The motions for appointment of counsel are denied (Doc. 15 & Doc. 17).

### *Motion for Jury Trial* (Doc. 17)

In his second motion for appointment of counsel, plaintiff has included a request for a trial by jury (Doc. 17). Defendants oppose the motion on the grounds it is untimely made (Doc. 19).

Rule 38 of the Federal Rules of Civil Procedure states that "[t]he right of trial by jury as declared by the Seventh Amendment of the Constitutional or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). However, the right to jury trial is not automatic. A party must make a timely demand for a jury trial.

With respect to demands, Rule 38(b) provides as follows:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Fed. R. Civ. P. 38(b). The failure to serve the demand in the time specified by Rule 38 constitutes a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d).

Rule 7(a) defines pleadings to include the complaint, the answer, and when applicable, any third-party complaints, answers, and answers to cross-claims. Fed. R. Civ. P. 7(a). Typically, the "last pleading directed to such issue" is the answer. *See e.g., Pacific Fisheries Corp. v. HIH Cas. & General Ins.*, 239 F.3d 1000, 1002 (9th Cir. 2001). *See also Washington v. New York City Board of Estimate*, 709 F.2d 792, 797-98 (2d Cir. 1983)(requirements of Rule 38 apply with the same force to a pro se litigant as they do to counsel).

The answer in this case was filed on July 22, 2010 (Doc. 14). Plaintiff's request is contained in his motion for appointment of counsel filed on August 19, 2010 (Doc. 17). The request is denied as untimely.

***Motions to Amend the Complaint* (Doc. 16 & Doc. 18)**

The first motion to amend (Doc. 16) consists of a one page declaration by the plaintiff in which he makes statements in support of his claims against Sgt. Taulbee, Deputy Wagner, and Deputy Stamps. The motion (Doc. 16) is denied. The time to offer proof in support of his claims is in connection with a dispositive motion such as a summary judgment motion or at a hearing or trial.

In the second motion to amend (Doc. 18), plaintiff asks that he be allowed to proceed with a racial discrimination claim. The plaintiff has already set forth a racial discrimination claim. It is not necessary to support his claims with statements regarding his belief that his rights are being violated.

IT IS SO ORDERED this 29th day of September 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE